## CITY OF MARGATE v WOOTEN
### Case No. 90-30AC
Seventeenth Judicial Circuit, Broward County

October 18, 1990

**APPEARANCES OF COUNSEL**

**Eugene M. Steinfeld, Esquire,** for appellant.

**Lance E. Wooten,** pro se.

### OPINION OF THE COURT

STANTON S. KAPLAN, Circuit Judge.

THIS CAUSE came to be heard as an appeal from a Motion to Dismiss granted by the County Court during a trial conducted by the Honorable Leonard Feiner. After reviewing the transcript, brief of the City of Margate, and listening to oral argument, the court finds as follows:

1. That on October 29, 1989, Officer Michael J. Borelli, Jr. issued a municipal citation for parking in a handicapped parking space to a

vehicle parked at 5678-80 Sample Road, City of Margate, otherwise known as Peppertree Plaza. The vehicle was owned by the appellee.

2. The lower court granted the Motion to Dismiss of the Defendant/ Appellee based upon the following:

a. The City of Margate can not enforce a parking citation on private property absent an agreement between the City of Margate and the owner of the private property, as contained in F.S. 316.006(2)(b), and

b. The City of Margate could only enforce a parking citation by utilizing the uniform citation required pursuant to F.S. 316.650.

3. The Court finds as follows:

a. F.S. 316.002 provides as follows:

"Purpose. It is the legislative intent in the adoption of this chapter to make uniform traffic laws to apply throughout the state and in several counties and *uniform traffic ordinances* to apply in all municipalities. The Legislature recognizes that there are conditions which require municipalities to pay certain *other* traffic ordinances in regulation of municipal traffic that are not required to regulate the movement of traffic outside of such municipalities. *Section 316.008 enumerates the area within which municipalities may control certain traffic movement or parking in their respective jurisdictions. This section shall be supplemental to the other laws or ordinances of this chapter and not in conflict therewith."* (e.s.)

b. F. S. 316.008(1) and (1)(a) provides as follows:

"(1) The provisions of this chapter shall not be deemed to prevent local authorities, *with respect to streets and highways under this jurisdiction* and within the reasonable exercise of the police power, from

(a) Regulating or prohibiting *stopping, standing, or parking. . ."* *(e.s.)*

c. F.S. 316.003(53) (a) and (b) provides as follows:

"(53) STREET OR HIGHWAY. —

(a) The entire width between the boundary lines of *every way or place of whatever nature when any part thereof is open to the use of the public for purposes of vehicular traffic;. . .*

d. That the last paragraph of F.S. 316.1945(3) provides as follows:

*The uniform traffic citation prepared by the department pursuant to s. 316.650 may not be issued for violation of a municipal parking ordinance."* (e.s.)

13

e. Based upon the foregoing and the opinion of the Attorney General, it is clear that without added authority, a plaza or shopping center is open to the use of the public for purposes of vehicular traffic, and therefore, the City of Margate had the authority to issue and enforce a *municipal* parking citation as presented herein. As was specifically stated by the Attorney General of this state in AGO 88-5:

"Thus, this office has determined that municipalities have enforcement authority with respect to traffic violations and accidents occurring on "private property" where the public has the right to travel by motor vehicle such as shopping centers and parking lots. However, no such law enforcement authority has been determined to exist with regard to private roads located within a private development or over roads or streets within a special taxing district where such thoroughfares are not available for public use." See also AGO 83-4.

f. However, in the case of handicapped parking citations, the law is even clearer.

i. That F.S. 316.008(4) provides that:

"(4) *A county or municipality may enact an ordinance providing a fine for the violation of § 316.1955 or § 315.1956 in excess of the fine specified by § 318.18(2), except that such fine may not exceed $250. . . (e.s.)*

ii. *Any commercial real estate property owner offering parking for the general public* shall provide specially designed and marked motor vehicle parking spaces for the exclusive use of physically disabled persons who have been issued parking permits pursuant to § 316.1958 or § 320.0848. . ." (e.s.)

iii. That F. S. 316.1959 provides as follows:

"*The provisions of handicapped parking shall be enforced* by state, county, and *municipal authorities* in their respective jurisdictions whether *on* public or *private property in the same manner as is used to enforce other parking laws and ordinances* by said agencies." (e.s.)

iv. That the last paragraph of F.S. 316.1945(3) provides as follows:

*The uniform traffic citation prepared by the department pursuant to § 316.650 may not be issued for violation of a municipal parking ordinance."* (e.s.)

4. Thus, based upon the above, the City of Margate has the right to issue and enforce parking citations within shopping centers based upon two lines of authority.

14

a. because shopping centers are open to the public and thus are within the definition of street or highway, pursuant to F. S. 316.003(53)(a); and

b. because there is specific authorization to issue handicapped parking citations even on private property pursuant to F.S. 316.1959.

5. The question thus must be asked whether F.S. 316.006(2)(b) removes the above grant of authority unless and until a private agreement as contemplated in the above sections is executed between the owner of private property/shopping center and an enforcing city. The answer must be in the negative for two reasons:

a. F.S. 316.006(2)(b) provides as follows:

"(b) *A municipality may exercise jurisdiction over any private road or roads,* or over any limited access road or roads owned or controlled by a special district, located within its boundaries if the municipality and party or parties owning or controlling such road or roads provide, *by written agreement approved by the governing body of the municipality, for municipal traffic control jurisdiction over the road or roads encompassed by such agreement. . ."* (e.s.)

As the above paragraph contemplates *private roads* rather than streets or highways which have been defined pursuant to F.S. 316.003(53)(a) and F.S. 316.006(2)(b), same by its terms is not applicable to shopping centers or plazas. See A.G.O. 88-5 and 83-84, supra.[1]

b. F.S. 316.006(2)(b) further provides under Number 2 the following:

"The exercise of jurisdiction provided for herein shall be in addition to jurisdictional authority presently exercised by municipalities under law, and nothing in this paragraph shall be construed to limit or remove any such jurisdictional authority."

Thus, F. S. 316.006(b)(2) can never be seen as a *limitation* on the power of municipalities to issue parking citations where that power has been granted as previously discussed.

Finally, as already noted, uniform traffic citations may not be

---

[1] This is further explained by Chapter 87-88 of the laws of the State of Florida which created F.S. 316.006(b)(2). In the preamble to Chapter 87-88 it provides as follows:
"WHEREAS, there are many private residential developments and special districts throughout the state containing roads *not considered to be fully accessible to the public, whether or not access is controlled by a gate or security guard, and*
WHEREAS, the Attorney General has issued several opinions stating in essence that local authorities have neither the right nor the obligation nor the authority to enforce traffic laws in these private neighborhoods and special districts;. . ." (e.s.)

**15**

utilized for violations of municipal parking ordinances pursuant to F. S. 316.1945(3).

Wherefore, based upon all of the foregoing, the decision of the county court is hereby reversed and remanded to said court for proceedings consistent with this order.

DONE AND ORDERED in Chambers at Fort Lauderdale, Florida, this 18th day of October, 1990.